UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

REBECCA S. DENOFRE,

        Plaintiff,

v.                                                               Case No. 18-C-2040

CHEK SYSTEMS and
WELLS FARGO BANK NA,

        Defendants.

## SCREENING ORDER

Plaintiff Rebecca S. Denofre filed a complaint against Defendants Check Systems and Wells Fargo Bank NA on December 31, 2018. On January 3, 2019, the court granted Plaintiff's motion for leave to proceed without prepayment of the filing fee and dismissed the complaint without prejudice for failing to provide enough facts to determine whether Plaintiff states a claim upon which relief may be granted. The court directed Plaintiff to file an amended complaint on or before February 2, 2019. On January 23, 2019, Plaintiff filed an amended complaint against Defendants, asserting claims of fraud, whistle blower retaliation, and aiding and abetting.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle

her to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

Plaintiff alleges that Defendants Chek Systems and Well Fargo Bank contacted her on Facebook through a dating application called Topface and engaged in a deliberate act of fraud and deception to deprive her of a legal right. She claims Wells Fargo was complicit with others in illegal activity and opened fake accounts and that Chek Systems is a fraudulent company that falsifies the information it maintains in its systems. These allegations, liberally construed, are insufficient to state a claim of fraud. Rule 9 of the Federal Rules of Civil Procedure requires that a plaintiff "alleging fraud or mistake . . . must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The plaintiff must describe the "who, what, when, where, and how" of the fraud, or "the first paragraph of any newspaper story." *United States ex rel. Lubsy v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) (internal quotation marks omitted).

Plaintiffs must "use some . . . means of injecting precision and some measure of substantiation into their allegations of fraud." *United States ex rel. Presser v. Acacia Mental Health Clinic, LLC*, 836 F.3d 770, 776 (7th Cir. 2016) (citation omitted). Although Rule 9(b) allows state of mind to be pled generally, plaintiffs must still identify "specific, objective manifestations of fraudulent intent." *Bower v. Jones*, 978 F.2d 1004, 1012 (7th Cir. 1992). In this case, Plaintiff's amended complaint does not contain any allegations related to Defendants' intent. Not only has Plaintiff failed to satisfy Rule 9(b)'s heightened pleading standard, but, based on the exhibits attached to the amended complaint, it appears Plaintiff was not defrauded by Defendants but was the victim of an online dating scheme that involved multiple victims across the United States. The police report suggests that Plaintiff made contact with a man named Abel Stephen, who she believed was a senior orthopedic surgeon for the United States Army in Kabul, on topface.com. He asked Plaintiff to send money overseas for a Red Cross program and to send the money as "Hiradex Insurance Delivery Security Company." After she refused to send the money, Stephen began threatening her and stated International Police would get involved if she did not cooperate with his demands. Plaintiff deposited approximately a total of $67,750.00 into two Wells Fargo bank accounts and these funds were ultimately wired to an unknown individual in Ghana-South Africa. It appears the loss Plaintiff suffered was based on the fraudulent statements and conduct of this unknown individual. In any event, because Plaintiff's amended complaint fails to state a claim in accordance with Rule 9, her fraud claims against Defendants must be dismissed.

In addition, Plaintiff's complaint contains no allegations to support her claims of whistle blower retaliation, and the criminal statutes do not create a private right of action for Plaintiff to assert an aiding and abetting claim against Defendants. *See Chapa v. Adams*, 168 F.3d 1036, 1038

3

(7th Cir. 1999) ("Criminal statutes, which express prohibitions rather than personal entitlements and specify a particular remedy other than civil litigation, are accordingly poor candidates for the imputation of private rights of action."). In short, Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff's amended complaint must therefore be dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's amended complaint is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated this   24th   day of January, 2019.

                                               s/ William C. Griesbach
                                               William C. Griesbach, Chief Judge
                                               United States District Court